Filed 12/16/19

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT
OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDRE SHUMAKE,<br><br>Defendant and Appellant. | No. 6093<br>(Super. Ct. No. 17-CR-026238)<br><br>OPINION |

**<u>Procedural Background:</u>**

This matter came before this panel as an appeal from a denial of a Motion to Suppress, heard by the Hon. Margaret Fujioka on November 7, 2018.

**<u>Factual Background:</u>**

Berkeley Police Officer Megan Jones was on "specialized DUI patrol" on September 1, 2017, at about 11:00 p.m. She and her partner were in an unmarked patrol car, heading northbound on University Avenue when she saw a Hyundai being driven (by Appellant) southbound. There was no front license plate on the Hyundai, a violation of Vehicle Code Section 5200. While on "specialized DUI patrol," Officer Jones looks for driving patterns indicating intoxication, such as weaving or other erratic driving. She also stops cars for traffic violations, to see if the driver might be impaired. She testified that Appellant's driving was normal, Appellant immediately and safely pulled to the curb when she activated her lights and siren, and Appellant was cooperative. Officer Jones

testified that she has conducted about 800 DUI investigations, with about 500 involving marijuana.

When Officer Jones approached the driver's door, she noticed a strong smell of marijuana, both fresh and "freshly burnt." She testified that the smell of marijuana may linger on clothes or car upholstery for a week or more after it is smoked. She asked Appellant if he had any marijuana. He answered that he had "some bud" in the center console.

Officer Jones believed that any marijuana transported within a car must be in a closed, heat-sealed package. She also believed that if marijuana is contained in that manner, she should not be able to smell it. Thus, believing Appellant might be in violation of the laws regulating marijuana possession, Officer Jones decided to search the car. She had Appellant and his passenger get out of the Hyundai.

She first looked in the center console. Inside was a plastic tube containing 1.14 grams of marijuana bud, later described as "dried flower." The tube was closed. It could be opened by squeezing the sides of the tube, which flexed the top open. Officer Jones testified that when she located the marijuana in the center console it, "gave me more probable cause to believe that there was more marijuana inside the vehicle." (Reporter's Transcript, page 35.) In the ensuing search, Officer Jones found a loaded pistol under the driver's seat. She did not find any more marijuana, or paraphernalia.

After she completed her search, Officer Jones conducted field sobriety tests to determine if Appellant was under the influence. She concluded that he was not under the influence.

## Discussion

### 1. Standard of Review

The recent case of *People v. Flores* (2019) 38 Cal.App.5th 617, 626, concisely states the standard:

'As the finder of fact in a proceeding to suppress evidence [citation], the [trial] court is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and

draw factual inferences in deciding whether a search is constitutionally unreasonable.' (*People v. Woods* (1999) 21 Cal.4th 668, 673.) 'In reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's factual findings, express or implied, where supported by substantial evidence. ***And in determining whether, on the facts so found, the search was reasonable for purposes of the Fourth Amendment to the United States Constitution, we exercise our independent judgment.*** [Citation.]' (*People v. Simon* (2016) 1 Cal.5th 98, 120; *Woods,* [*supra,*] at p. 673.) We consider whether a search or seizure was reasonable under an objective standard, based on the facts and circumstances known to the officer but without regard to the officer's subjective state of mind. (*Scott v. United States* (1978) 436 U.S. 128, 138.)

(*People v. Flores* (2019) 38 Cal.App.5th 617, 626 [Emphasis added.].)

## *2.     Analysis*

There is no dispute about the facts here.  The court found Officer Jones's testimony credible.  The basis for the search of the Hyundai was the smell of marijuana,[1] the fact that Appellant readily admitted the presence of the marijuana in the center console, and the recovery of the plastic tube of marijuana bud or flower.  Appellant argues that the marijuana recovered from the center console was lawfully possessed, and notes that lawful possession of marijuana cannot justify a further search.  The Respondent argues that the smell of marijuana and Appellant's admission to marijuana possession justified Officer Jones's search.  First, we address the legality of the marijuana possessed in the center console.  Second, we address the legality of Officer Jones's search of the remainder of the car.

### A.  Cars and Marijuana

A person cannot lawfully drive under the influence of any drug, including marijuana (Vehicle Code Section 23152(f).)  A driver cannot smoke marijuana while driving a car and a passenger cannot smoke marijuana while riding in a car.  (Health and Safety Code Section 11362.3(a)(7) and (8).)   It is illegal to possess an open container of cannabis while driving. (Health and Safety Code Section 11362.3(a)(4).)  A person over

---

[1] The terms "marijuana" and "cannabis" are used interchangeably herein.  The testimony from the hearing on the Motion to Suppress used marijuana, and the statutes use cannabis.

21 years old can possess and transport cannabis in an amount of not more than 28.5 grams. (Health and Safety Code Section 11362.1(a)(1).)

The statute in question in this case is Vehicle Code Section 23222. In applicable part, it is an infraction to possess, "while driving a motor vehicle upon a highway,…any receptacle containing any cannabis . . . which has been opened or has a seal broken, or loose cannabis flower not in a container . . . ." (Vehicle Code Section 23222(b)(1).)

## B. The Marijuana In The Center Console Was Lawfully Possessed

Appellant described to Officer Jones the 1.14 grams of cannabis as "bud." Officer Jones later described it as "dried flower." (Reporter's Transcript, page 30.) The plastic tube described by Officer Jones does not appear to have been "sealed" at the time of the search and it is unclear if it was ever "sealed." From Officer Jones's description of how she opened the tube by merely squeezing it, the container had been previously opened, if, for no other purpose than to put the cannabis inside it. Appellant is not arguing that the cannabis was in a sealed condition. Appellant is arguing that it is "loose cannabis flower . . . in a container." Respondent does not dispute this. Respondent does not directly address the legality of the transportation of the 1.14 grams of cannabis flower in a closed plastic tube.

A plain reading of the statute mandates the conclusion that the possession of the cannabis flower in this case was lawful.[2] Appellant possessed 1.14 grams of loose cannabis flower in a closed container. Officer Jones's belief that any cannabis being transported in a vehicle must be in a heat-sealed container is not supported by the plain language of Section 23222(b)(1).

## C. The Subsequent Search Was Unlawful

Officer Jones testified that when she discovered the plastic tube of cannabis flower in the center console it gave her "more probable cause to believe there was more marijuana in the vehicle." While logical, this inference violates California law. Health and Safety Code Section 11362.1 states that "no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest." Appellant's container with 1.14 grams of loose cannabis flower is far below the 28.5 grams permitted by law. As

---

[2] Although the rationale is unclear to this court, Proposition 64 differentiates cannabis, which must be in an unopened, sealed, container, from "loose cannabis flower," which only needs to be in a closed container.

Appellant was lawfully transporting the marijuana, that marijuana could not then serve as the basis for the search of Appellant's car.

Respondent does not address how to analyze the search of Appellant's vehicle if the evidence of the marijuana in the center console cannot be used to support it. Officer Jones clearly relied on it to justify her further investigation. However, as set forth in *Flores*, above, we review the legality of a search based on an objective standard, not the subjective state of mind of the officer. Respondent argues that that the smell of marijuana coupled with Appellant's admission of possession of the "bud," justified the search of the entire car. If this court excludes the discovery of the tube of marijuana flower in Appellant's center console as a basis for Officer Jones' further search, the court may still consider whether the loaded gun under the driver's seat of the car would have been found pursuant to the "inevitable discovery" rule.

> The inevitable discovery doctrine acts as an exception to the exclusionary rule, and permits the admission of otherwise excluded evidence "if the government can prove that the evidence would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by the police." (*Nix v. Williams* (1984) 467 U.S. 431, 447, (*Nix* ).) The purpose of the exception is "to prevent the setting aside of convictions that would have been obtained without police misconduct." (*People v. Robles* (2000) 23 Cal.4th 789, 800.) It is the prosecution's burden to "establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." (*Nix,* at p. 444; *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 62.)

(*People v. Hughston* (2008) 168 Cal.App.4th 1062, 1071–1072.)

Without the cannabis from the center console, what remains is the strong smell of fresh and recently burnt marijuana, and Appellant's statement that he possessed a small amount of marijuana, which turned out to be within the lawful limit. Respondent relies on *People v. Fews* (2018) 27 Cal.App.5th 553. In *Fews*, the driver of an SUV, in an area of San Francisco known for narcotics sales and violent crime, was driving erratically and then abruptly pulled to the curb when a police car drew near. The driver quickly stepped out of the vehicle while the passenger (defendant) bent down inside the SUV, as if to hide something. The officer detained the driver back inside the SUV, could smell burnt marijuana, and saw the driver had a half-smoked cigar of marijuana. This case occurred

after the passage of Proposition 64, but possession of such an "open container" in the car was (and remains) unlawful. In affirming the trial court's denial of the motion to suppress the gun found in the defendant's jacket (in a pat search not relevant to our case), the appellate court ruled:

> [T]he evidence of the smell of "recently burned" marijuana and the half-burnt cigar containing marijuana supported a reasonable inference that Mims was illegally driving under the influence of marijuana, or, at the very least, driving while in possession of an open container of marijuana.

(*People v. Fews*, supra, 27 Cal.App.5th at p. 563.)

There are significant differences between *Fews* and the case at hand. First, the officers in *Fews* observed a violation of the cannabis open container law. Second, the half-burnt cigar, combined with the smell of burnt marijuana, leads to the inference that the occupants very recently smoked marijuana. This would increase the likelihood that the occupants were illegally smoking while driving, or that the driver was under the influence. Further, the driver of the SUV in *Fews* drove erratically, and both the driver and passenger acted strangely during the stop.

Here, there was no violation of the open container law. There was no partially smoked cannabis in plain view. Also, Officer Jones testified that the smell of marijuana can linger for a week or more. Lastly, Appellant's only traffic violation was a missing front license plate, and Appellant quickly and appropriately pulled to the curb and was cooperative throughout the stop. These factors, combined with the Appellant's successful completion of the field sobriety test conducted by Officer Jones, do not support applying the inevitable discovery rule in this case.

Probable cause is "whether, given all the circumstances . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* (1983) 462 U.S. 213, 238.) This court concludes that, given the legality of personal use of marijuana in the State of California, there was not a fair probability that Officer Jones would find evidence of a crime in the Hyundai. Anyone 21 years and older can now lawfully smoke marijuana in California, and as Officer Jones testified, the smell can linger for more than a week. The law permits possession and transportation of up to 28.5 grams of cannabis in a car. Given the language of Vehicle Code Section 23222(b)(1), upon Appellant telling her he had some "bud" in the center console, Officer Jones could have conducted a further inquiry, including asking Appellant about the

6

amount of marijuana, whether it was in a container, where it was located, when he last smoked, etc.  This is consistent with the type of reasonable inquiry officers use when they smell alcohol in a car.  Marijuana and alcohol now receive similar treatment under the law. Officer Jones may have had justification at that point to administer field sobriety tests to ascertain Appellant's sobriety, but that justification is not tantamount to probable cause to search the remainder of Appellant's car.

The order denying the Motion to Suppress is reversed.  The case is remanded for proceedings consistent with this ruling.

**CERTIFIED FOR PUBLICATION**

_____
WISE, P.J.

We concur:

_____
CRAMER, J.

_____
GRILLO, J.

7

## PARTIES AND ATTORNEYS

| People of the State of California, *Plaintiff/Respondent* | Carrie Skolnick, Deputy District Attorney<br>Kristopher Villa Kiriu, Deputy District Attorney |
|---|---|
| Andre Laking Shumake, *Defendant/Appellant* | Brie Jefferson, Assistant Public Defender<br>Charles Mandeville Denton, Assistant Public Defender<br>Ali Rad, Assistant Public Defender |

**Trial Court Judge(s):**

- **Hon. Margaret Fujioka, Presiding Trial Judge**

**Trial Court Case Name/Nos:**     People v. Shumake, Andre Laking
    Alameda Superior Ct. No. 17-CR-026238
    Appellate No. 6093